**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

RONALD A. JOHNSON,               )
           **Plaintiff,**          )
                             )
         **v.**                  )          **C.A. No. 06-62 Erie**
                             )
**DEPARTMENT OF CORRECTIONS, et al.,**   )          **District Judge McLaughlin**
           **Defendants.**         )          **Magistrate Judge Baxter**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION:**

       It is respectfully recommended that Defendant's Partial Motion to Dismiss [Document # 2] be granted in part and denied in part.

**II.    REPORT:**

       On or about October 17, 2005, Plaintiff Ronald A. Johnson, an inmate at the State Correctional Institution at Albion ("SCI-Albion"), filed this civil rights action, pursuant to 42 U.S.C. § 1983, in the Court of Common Pleas of Mercer County, Pennsylvania. [Document # 1, Exhibit A].  The case was subsequently removed to this Court on March 13, 2006, pursuant to a Notice of Removal filed by the Defendants. [Document # 1].  Named as Defendants in this case are:  Pennsylvania Department of Corrections ("DOC"); Jeffrey Beard, Secretary of the DOC ("Beard"); Joseph Desuta, Superintendent at SRCF Mercer ("Desuta"); James Martin, H and FB Block Unit Manager at SRCF Mercer ("Martin"); Marilyn S. Brooks, Superintendent at SCI-Albion ("Brooks"); M. Kosinski, E-Block Unit Manager at SCI-Albion ("Kosinski"); Pennsylvania Board of Probation and Parole ("PBPP"); Lawrence Murray, Secretary of the PBPP ("Murray"); Marianne Snider, Parole Supervisor at SRCF Mercer ("Snider"); and Ms. Rouda, Parole Agent at SRCF Mercer ("Rouda").

       Plaintiff claims that Defendants violated his constitutional rights, as follows:

(i) Defendants compelled his participation in a sex offender's treatment program for an offense

he did not commit, in violation of his Fifth Amendment right against self-incrimination (Complaint at ¶¶ 90-93); (ii) Defendants retaliated against him for his refusal to participate in a sex offenders program by denying him parole, extending his incarceration, transferring him to another institution farther from home, and causing him to lose his prison job (Complaint at ¶¶ 95-99); (iii) Defendants retaliated against him for filing a grievance alleging inappropriate behavior by Defendant Martin, by putting false information in his parole recommendation and transferring him to another institution farther from his home (Complaint at ¶¶ 108-113); and (iv) Defendants Martin and DOC retaliated against him for filing a grievance, and violated his Eighth Amendment rights, by transferring him to a smoking unit and, thus, exposing him to environmental tobacco smoke ("ETS") (Complaint at ¶¶ 115-120).   As relief for his claims, Plaintiff seeks monetary damages.

### A.        Relevant Procedural and Factual History[1]

Plaintiff was incarcerated at SCI-Albion on June 7, 2002 to begin serving a 24-month parole violation sentence.  On October 8, 2002, Plaintiff was transferred to SRCF-Mercer, where he remained until on or about March 29, 2005, at which time he was transferred back to SCI-Albion. (Complaint at ¶ 19).

On October 22, 2002, Plaintiff received his first Prescriptive Program Plan at SRCF-Mercer, which did not include a recommendation that he participate in the DOC's sex offender treatment program. (Complaint at ¶¶ 20-21).  At the time, no mention of a sex offense was included in Plaintiff's initial commitment form, known as a "DC-16, Inmate Status Summary" form. (Complaint at ¶ 22).  On October 21, 2003, Plaintiff received his second Prescriptive Program Plan at SRCF-Mercer, which also did not include a recommendation that he participate in a sex offender treatment program. (Complaint at ¶ 26).

---

[1]

This Court's factual recitation is based solely upon the allegations of Plaintiff's Complaint, which are assumed to be true for the sake of determining Defendants' Motion to Dismiss.  See Ray v. Kertes, 285 F.3d 287, 291 (3d Cir. 2002).

On or about August 30, 2004, Plaintiff learned that a parole recommendation had been prepared by Defendant Martin, which indicated that Plaintiff was charged with sexual assault in 1967. (Complaint at ¶¶ 29, 34).  As a result, Plaintiff filed a grievance on September 8, 2004, claiming that Defendant Martin intentionally placed incorrect information in his parole recommendation to "get Plaintiff a hit." (Complaint at ¶ 31).  Upon receiving the response to Plaintiff's grievance, Defendant Martin "immediately moved Plaintiff from [a] non-smoking unit to a heavy populated smoking unit ... with the knowledge that Plaintiff have [sic] lung cancer." (Complaint at ¶ 32).  Thus, Plaintiff filed another grievance on or about September 20, 2004, "claiming retaliation for moving him to a smoking unit with serious medical problems." (Complaint at ¶ 33).  In addition, in October 2004, Plaintiff sent Defendant Martin an "Inmate's Request to Staff Member" form regarding the alleged sexual assault charge in 1967, claiming that he had "never been arrested on a sexual offense charge, nor is there any record of such an offense." (Complaint at ¶ 36).  In response to this request, Defendant Martin responded "if you do not participate - irregardless [sic] of a sexual assault charge your likelihood of being granted parole is narrowed." (Complaint at ¶ 37).

October 26, 2004, Plaintiff received his third Prescriptive Program Plan at SRCF-Mercer, which stated, *inter alia*, that his name had been added to the Orientation Phase of the Sex Offenders Program. (Complaint at ¶ 39).  In January 2005, Plaintiff had a fourth Prescriptive Program Plan review, based upon the DOC's stated desire to have every review start in January of each year. (Complaint at ¶ 42).  Plaintiff was subsequently transferred to SCI-Albion on March 29, 2005, allegedly in retaliation for "Plaintiff complaining of [Defendant] Martin's actions through the grievance system." (Complaint at ¶¶ 43, 53).  During his annual review, Plaintiff was also informed by his counselor that "his level 2 security status (custody level) would be replaced with a level 3 status, if Plaintiff object [sic] to the Unit team's actions." (Complaint at ¶ 47).

On April 7, 2005, Plaintiff had a staffing interview at SCI-Albion, during which he was told that staff would not be recommending parole because of his sexual assault charge, despite Plaintiff's objection to the sexual assault charge. (Complaint at ¶ 57).  On April 13, 2005, Plaintiff received his fifth Prescriptive Program Plan at SCI-Albion, which placed him in the sex

offender treatment program. (Complaint at ¶ 56).

On April 17, 2005, Defendant Kosinski "intentionally placed Plaintiff in a smoking unit with the clear knowledge that Plaintiff is seriously ill and would not remove [him] until she was ordered to do so by the prison medical department." (Complaint at ¶ 78).  Defendant Kosinski then ordered that Plaintiff be moved to a an upper unit level on September 12, 2005, "with knowledge that Plaintiff suffers from serious breathing problems due to his illness with his lungs." (Complaint at ¶ 80).  On September 28, 2005, Plaintiff applied for a level upgrade, but his request was denied based upon his failure to comply with the sex offender treatment program. (Complaint at ¶¶ 83-84).  Plaintiff claims that "[t]he sexual offense in question is not in Plaintiff's arrest record, but was in [a] Presentence Investigation Report that is clearly not this Plaintiff...." (Complaint at ¶ 85).

Defendants have filed a partial motion to dismiss [Document # 2], arguing that: (i) Defendants DOC and PBPP are not "persons" within the meaning of 42 U.S.C. § 1983 and, thus, are immune from suit; (ii) Plaintiff's denial of parole claim must be raised as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254; (iii) Plaintiff's claims against Defendants Beard, Desuta, Brooks, Murray, Snider, and Rouda, should be dismissed because Plaintiff has failed to allege their personal involvement; (iv) Plaintiff has failed to state a cognizable Eighth Amendment claim; and (v) to the extent raised, Plaintiff has failed to state a cognizable Due Process claim.[2]  Plaintiff has filed a brief in response to Defendant's motion [Document # 5], and an amended brief in response [Document # 22].  This matter is now ripe for consideration.

## B.   Standards of Review

### 1.   Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

---

[2]

Defendants have not moved to dismiss Plaintiff's various retaliation claims, but have chosen to file an Answer to such claims instead. [Document # 4].

complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim.  Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974).  However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997).  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.  See Swierkiewicz.

——————

### 2.    *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith

v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949
F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all
allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d
Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P.
12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir.
1990)(same).

### C.    Discussion
#### 1.    Defendants DOC and PBPP

Defendants contends that the DOC and PBPP are state agencies and, as such, are not
"persons" under Section 1983.  Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989).
Plaintiff has conceded this argument and this Court agrees. (See Document # 5, Plaintiff's Brief,
at p. 3).  As a result, Plaintiff's claims against the DOC and PBPP are barred by the Eleventh
Amendment and should be dismissed.  Chittister v. Dep't of Community and Economic
Development, 226 F.3d 223 (3d Cir. 2000)(Eleventh Amendment bars individuals from seeking
monetary damages from state governments or state agencies).[3]

#### 2.    Denial of Parole Claim

Defendants argue that Plaintiff's "denial of parole claim" must be dismissed, because it
cannot be brought under 42 U.S.C. § 1983, but must, instead, be raised in a Petition for Writ of
Habeas Corpus pursuant to 28 U.S.C. § 2254.  This argument misses the mark.  Plaintiff's
allegations regarding the denial of parole are best summarized by paragraph 62 of the Complaint,
which states, "[u]pon information and belief, parole denial was based solely on the retaliation of

---

[3] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Thus, absent express consent by the state in question or a clear and unequivocal waiver by Congress, states and state agencies are immune from suit in federal court.  See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161 (3d Cir. 2002).

placing incorrect information in Plaintiff's parole recommendation." (Complaint at ¶ 62). Thus, the denial of parole is raised primarily in the context of Plaintiff's various retaliation claims, as evidence of "adverse action." It does not appear that Plaintiff is seeking relief based solely on the fact that he was denied parole, which would be a claim more appropriately raised in a habeas corpus action. Nonetheless, to the extent Plaintiff has stated a claim challenging the impact that the denial of parole has had upon the length of his sentence, such a claim must be raised in a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, and should be dismissed from this case. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)("a state prisoner's § 1983 action is barred ... if success in the action would necessarily demonstrate the invalidity of confinement or its duration"); Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)(holding that prisoner challenges regarding the "fact or duration" of confinement are too close to the "core" purpose of habeas corpus to permit relief under a more generalized § 1983 cause of action)

### 3.     Defendants Beard, Desuta, Brooks, Murray, Snider, and Rouda

Plaintiff has failed to make any specific allegations against Defendants Beard, Desuta, Brooks, Murray, Snider, or Rouda. (See Complaint). In fact, the only mention of any of these individuals in the Complaint is in the caption of the case, where they are named as Defendants, and in the introductory section, where their names and job responsibilities are identified. (Complaint at ¶¶ 7, 8, 10, 13-15). Plaintiff does not allege that any of these Defendants, including Defendant Rouda, were actively involved in, had any knowledge of, or gave their acquiescence to, any conduct that may have violated Plaintiff's constitutional rights. Thus, the only possible claims against these Defendants that may be inferred from the Complaint are based upon supervisory liability or *respondeat superior*; however, such claims are not cognizable under 42 U.S.C. §1983. See Rizzo v. Goode, 423 U.S. 362 (1976); Rode v. Dellaciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)(defendant in civil rights action must have personal involvement in alleged wrongs; liability cannot be predicated on the operation of *respondeat superior*). As a result, Defendants Beard, Desuta, Brooks, Murray, Snider, and Rouda should be dismissed from

7

this case.

### 4.     Eighth Amendment Claim

Defendants argue that Plaintiff's Eighth Amendment conditions of confinement claims must be dismissed because he has failed to allege that he suffered any actual physical injury. This argument is based solely upon Defendants' interpretation of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), which provides:

> Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, **for mental or emotional injury** suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e) (emphasis added).

Once again, Defendants have missed the mark.  The plain language of the foregoing statute makes clear that it applies to claims for mental or emotional injury.  Yet, Defendants acknowledge that Plaintiff has claimed that "his exposure to second hand smoke put him at risk because of his pre-existing lung cancer." (Document # 3, Defendants' Brief, at p. 8).  Moreover, Plaintiff does, in fact, claim that he "suffers from serious breathing problems brought on by being placed in a smoking unit." (Complaint at ¶ 69).  This is sufficient to state an Eighth Amendment claim of deliberate indifference to Plaintiff's health.  See Helling v. McKinney, 509 U.S. 25, 33-34 (1993)(holding that prisoner stated cause of action under Eighth Amendment by alleging that prison officials had, with deliberate indifference, exposed him to levels of environmental tobacco smoke that posed an unreasonable risk of serious damage to his future health).  Thus, Defendants motion to dismiss Plaintiff's Eighth Amendment claim should be denied.

### 5.     Due Process Claim

Defendants contend that, to the extent Plaintiff claims a violation of his  Due Process rights with regard to the denial of parole, the denial of a security level upgrade, and the loss of his prison job, such claims should be dismissed because none of the alleged deprivations cited by Plaintiff constitute a protected liberty or property interest.  In his Brief in Response to

Defendants' motion, Plaintiff has conceded to Defendants' argument in this regard. (Document # 5, Plaintiff's Brief, at p. 10).  Thus, to the extent Plaintiff has asserted Due Process claims, such claims should be dismissed.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' Partial Motion to Dismiss be granted in part and denied in part, as follows:

1.    Defendants' motion to dismiss Plaintiff's claims against Defendants DOC, PBPP, Beard, Desuta, Brooks, Murray, Snider, and Rouda, should be granted, and said Defendants should be dismissed from this case;

2.    To the extent Plaintiff has stated a claim challenging the impact that the denial of parole has had upon the length of his sentence, Defendants' motion to dismiss such claim should be granted and the claim should be dismissed from this case.

3.    Defendants' motion to dismiss Plaintiff's Eighth Amendment claim should be denied, and such claim should be allowed to proceed.

4.    Defendants' motion to dismiss Plaintiff's Due Process claims should be granted and such claims, to the extent made, should be dismissed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.


                              /s/Susan Paradise Baxter
                              SUSAN PARADISE BAXTER
                              Chief United States Magistrate Judge


cc:    The Honorable Sean J. McLaughlin
       United States District Judge